IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SEAN DOUGLAS MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: _____ |
| | ) | Judge: _____ |
| DONALD DELMAR GIBSON and | ) | JURY DEMAND |
| KOLEASECO, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, SEAN D. MILLER, and he sues the Defendants, DONALD D. GIBSON, and KOLEASECO, INC., and for causes of action would show unto this Honorable Court as follows:

1. The Plaintiff, Sean D. Miller, is a citizen and resident of Atlanta, Fulton County, Georgia.

2. The Defendant, Donald Delmar Gibson, is a citizen and resident of LaFollette, Wayne County, Michigan, currently residing at 650 Yale Street, Westland, Michigan 48185.

3. The Defendant, Koleaseco, Inc. is a corporation with its principal place of business at 4265 Corporate Exchange Drive, Hudsonville, Michigan 49426, and may be served with process through its Registered Agent, William R. Vander Sluis, at 99 Monroe Avenue, N.W., Suite 1100, Grand Rapids, Michigan 49503.

4. Jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy is in excess of $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because the wreck giving rise to this action occurred in Bradley County, Tennessee.

6. The U.S. Department of Transportation, through the Federal Motor Carrier Safety Administration ("FMCSA"), issues the public authority to operate to trucking companies.

7. Companies authorized by the FMCSA to use tractor-trailers on the road in interstate transportation receive a DOT number.

8. At all times stated herein, the Defendant, Koleaseco, Inc., is a licensed motor carrier and has a DOT number of 667715.

9. On November 22, 2016, the Plaintiff was driving in the passing lane heading North on Interstate 75 in Bradley County, Tennessee, and the Defendant, Donald Gibson, was driving in the right lane, also heading North on Interstate 75, and suddenly and without warning, the Defendant, Donald Gibson, swerved from the right lane into the left lane violently striking Plaintiff's vehicle.

10. The force of the collision caused Plaintiff's vehicle to slam in to an embankment with great force, causing the Plaintiff to be seriously injured.

11. At the time of the wreck, the Defendant, Donald Gibson was driving a tractor-trailer registered and owned by the Defendant, Koleaseco, Inc.

12. At the time of the wreck, Defendant, Donald Gibson, was operating said vehicle with the authority, knowledge, consent, and as an agent of the Defendant, Koleaseco, Inc.

13. At the time of the wreck, Defendant, Donald Gibson, was employed by Defendant, Koleaseco, Inc.

14. At the time of the wreck, Defendant, Donald Gibson, was engaged in the course and scope of his employment with the Defendant, Koleaseco, Inc.

15. After the wreck, the Defendant, Donald Gibson, admitted to the investigating officer, Trooper Philip Reagan, that he was using a cellular device at the time of the wreck.

16. Trooper Philip Reagan cited Defendant, Donald Gibson for failing to exercise due care pursuant to Tenn. Code Ann. § 55-8-136.

17. Thereafter, Defendant, Donald Gibson plead guilty for failing to exercise due care, and paid the fine. (*See* Court record attached as Exhibit 1).

18. The Plaintiff avers that the Defendant, Donald Gibson, was negligent in the following particulars, to-wit:

    (a) Operating a tractor-trailer in a reckless manner.

    (b) Failing to keep a proper lookout.

    (c) Failing to keep his tractor-trailer under control, in disregard to the Plaintiff and others lawfully using the highway.

    (d) Failing to keep his tractor-trailer in his lane of travel.

    (e) Improper lane change.

    (f) Operating a tractor-trailer while using a cellular phone or device.

All of which singularly and combined were the direct, prime, principle, and proximate cause of the Plaintiff's losses and damages as hereinafter enumerated.

19. The Plaintiff avers that the Defendant is also guilty of negligence per se by violating the following statutes of the State of Tennessee as contained in Tennessee Code Annotated, and that said violations were the direct, prime, principle, and proximate cause of the Plaintiff's losses and damages, to-wit:

    Tenn. Code Ann. § 55-8-136        Drivers to exercise due care.

    Tenn. Code Ann. § 55-8-123        Driving on roadways paved for traffic.

| | |
|---|---|
| Tenn. Code Ann. § 55-10-205 | Reckless driving. |
| Tenn. Code Ann. § 55-8-143 | Signals for turns from direct lines. |
| Tenn. Code Ann. § 55-8-199 | Use of mobile phone while driving. |
| 49 C.F.R. § 392.80 | Prohibition against texting. |
| 49 C.F.R. § 392.82 | Using a hand-held mobile telephone. |

20. As a proximate result of the negligence of the Defendants, the Plaintiff received physical injuries, incurred medical bills and will continue to incur the same, suffered and will continue to suffer great pain of body and mind, emotional distress, and permanent injury, lost wages, and an injury to his capacity to earn.

21. The Plaintiff was without fault in the premises, and at all times, was in the exercise of due care for his own safety.

22. At all times stated herein, the Defendant, Koleaseco, Inc. had a duty to properly hire, train, supervise, entrust, and retain its employees, including Defendant, Donald Gibson, and also to conduct proper and required checks on the background of its employees.

23. By way of example, and not limitation, Defendant, Koleaseco, Inc, was not a safe company for one or more of the following reasons:

    (a) Properly trained CDL drivers do not improperly change lanes.

    (b) Properly trained CDL drivers are not distracted from the roadway.

    (c) Properly trained CDL drivers do not use-held mobile telephones while driving.

    (d) Safe and well-trained CDL drivers do not drive recklessly.

24. The Defendant, Koleaseco, Inc. was negligent in hiring Defendant, Donald Gibson to drive the tractor-trailer at issue.

25. The Defendant, Koleaseco, Inc. was negligent in training and/or failing to teach Defendant, Donald Gibson to properly drive the tractor-trailer.

26. The Defendant, Koleaseco, Inc. was negligent in entrusting Defendant, Donald Gibson, to drive a truck professionally.

27. The Defendant, Koleaseco, Inc. was negligent in retaining Defendant, Donald Gibson to drive the tractor-trailer.

28. The Defendant, Koleaseco, Inc., was negligent in supervising Defendant, Donald Gibson.

29. The Defendant, Koleaseco, Inc., was negligent in failing to properly train Donald Gibson to drive the tractor-trailer.

30. If Defendant, Donald Gibson, is found to be negligent in this case, then Defendant, Koleaseco, Inc., is liable under the doctrine of *respondeat superior*, and principles of agency.

31. At the time of the wreck, Defendants were subject to the provisions of Tenn. Code Ann. § 55-10-311.

32. At the time of the wreck, Defendants were subject to the provisions of Tenn. Code Ann. § 55-10-312.

33. The Defendants acted intentionally and/or recklessly sufficient to justify the imposition of substantial punitive damages.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for compensatory damages, punitive damages, plus his costs, and expenses, and he demands a jury to try this cause with the issues joined.

RESPECTFULLY SUBMITTED this the 20th day of November 2017.

**THE BURKHALTER LAW FIRM, P.C.**

s/David A. Burkhalter, II
David A. Burkhalter, II, BPR #004771
D. Alexander Burkhalter, III, BPR #033642
Attorneys for Plaintiff
P.O. Box 2777
Knoxville, Tennessee 37901
(865) 524-4974